IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SONIMAR OJEDA CALDERON,

    Plaintiff,

    v.

MOLLY MAID, INC., et al.,

    Defendants.

CIVIL NO. 06-1535 (RLA)

**ORDER IN THE MATTER OF DEFENDANTS' MOTION TO DISMISS**

Plaintiff instituted this action complaining of sexual harassment and wrongful discharge pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), as well as several local statutes under our supplemental jurisdiction.

Codefendants Eddie Cardona and Blue Bay Professional Services, Inc. have moved the court to dismiss the complaint alleging that the Title VII claims are time-barred; there is no individual liability under Title VII; the comments made by Eddie Cardona do not rise to an actionable sexual harassment claim and supplemental jurisdiction should be declined.

**Timeliness**

Prior to resorting to the courts for relief, plaintiffs must present their discrimination claims under Title VII to the appropriate agency. "In light of the statutory scheme, it is unsurprising that, in a Title VII case, a plaintiff's unexcused failure to exhaust administrative remedies effectively bars the

**CIVIL NO. 06-1535 (RLA)**                                                         **Page 2**

courthouse door." Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2005). "In order to prosecute a [Title VII] claim... an aggrieved party must first file a timely administrative complaint." Noviello v. City of Boston, 398 F.3d 76, 85 (1st Cir. 2005). "[P]laintiffs [may] not proceed under Title VII without first exhausting administrative remedies." Lebron-Rios v. U.S. Marshal Service, 341 F.3d 7, 13 (1st Cir. 2003); "Title VII requires that an aggrieved individual exhaust his or her administrative remedies as a prerequisite to filing suit in federal court." Dressler v. Daniel, 315 F.3d 75, 78 (1st Cir. 2003). "Title VII requires, as a predicate to a civil action, that the complainant first file an administrative charge with the EEOC within a specified and relatively short time period (usually 180 or 300 days) after the discrimination complained of". Clockedile v. New Hampshire Dept. of Corrections, 245 F.3d 1, 3 (1st Cir. 2001); "[A] claimant who seeks to recover for an asserted violation of... Title VII, first must exhaust administrative remedies by filing a charge with the EEOC, or alternatively, with an appropriate state or local agency, within the prescribed time limits.... This omission, if unexcused, bars the courthouse door, as courts long have recognized that Title VII's charge-filing requirement is a prerequisite to the commencement of suit." Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999).

   The purpose behind the exhaustion requirement is to give the employer timely notice of the events as well as provide an

**CIVIL NO. 06-1535 (RLA)**                                           **Page 3**

---

opportunity for an early amicable resolution of the controversy. "That purpose would be frustrated... if the employee were permitted to allege one thing in the administrative charge and later allege something entirely different in a subsequent civil action." Lattimore v. Polaroid Corp., 99 F.3d 454, 464 (1st Cir. 1996).

In Puerto Rico, an aggrieved employee has 300 days from the occurrence of the employment action complained of to file an administrative charge in instances where the local Department of Labor is empowered to provide relief, i.e., in instances of "deferral" jurisdiction. Bonilla, 194 F.3d at 278 n.4; Lebron-Rios, 341 F.3d at 11 n.5. Otherwise, the applicable period is 180 days. *See*, 42 U.S.C. § 2000e-5(e)(1).[1]

However, "[the Title VII] charge-filing requirement is mandatory but not jurisdictional; therefore, it is subject to a host of

---

[1] In pertinent part, § 2000e-5(e)(1) reads:

> A charge under this section shall be filed within **one hundred and eighty days** after the alleged unlawful employment practice occurred... except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a state or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto... such charge shall be filed by or on behalf of the person aggrieved within **three hundred days** after the alleged unlawful employment practice occurred.

(Emphasis ours).

**CIVIL NO. 06-1535 (RLA)**                                              **Page 4**

---

equitable exceptions." Jorge v. Rumsfeld, 404 F.3d at 565. *See also*, McKinnon v. Kwong Wah Rest., 83 F.3d 498, 505 (1st Cir. 1996) (charging requirement not jurisdictional and subject to exceptions).

"Th[e] 300-day period begins to run on the date in which the challenged employment practice is made and communicated to the employee." Astacio-Sánchez v. Fundación Educativa Ana G. Méndez, 724 F.Supp. 11, 15 (D.P.R. 1989) (quoting Chardón v. Fernández, 454 U.S. 6 (1981). *See also*, Campbell v. Bankboston, N.A., 327 F.3d 1, 11 (1st Cir. 2003) (when plaintiff was "aware of the amendment... and the resulting effect on his benefits").

In this case, it is undisputed that plaintiff filed her discrimination charge on **October 17, 2005**. Movants contend that plaintiff received her termination letter on **December 20, 2004** and therefore, the 300-day term expired two days prior to her filing, that is, on **October 15, 2005**. However, even assuming the aforementioned purported receipt date as correct,[2] October 15, 2005 fell on a Saturday and Rule 6(a) Fed. R. Civ. P.[3] extended the filing

---

[2] Even though the letter was dated December 17, 2004, the U.S. Postal Service date stamp on the corresponding certified mail receipt form indicates the same was mailed on **December 20, 2004**. Thus, it was impossible for plaintiff to have received it on that same day as alleged by defendants.

[3] In pertinent part, Rule 6(a) reads:

> In computing any period of time prescribed or allowed by... any applicable statute... [t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or

**CIVIL NO. 06-1535 (RLA)**                                                      **Page 5**

date until the following Monday, October 17, 2005. This procedural mechanism renders the suit timely.

### Title VII - Individual Liability

There can be no liability of a co-worker under Title VII since the scope of the statute is limited to employers of the alleged victim of discrimination. *See,* Gómez González v. Guidant Corp., 364 F.Supp.2d 112, 115 (D.P.R. 2005); Olivo-González v. Teacher's Retirement Bd., 208 F.Supp.2d 163, 166 (D.P.R. 2002); Matos v. Ortiz v. Com. of Puerto Rico, 103 F.Supp.2d 59, 61 (D.P.R. 2000); Maldonado-Cordero v. AT&T, 73 F.Supp.2d 177, 184 (D.P.R. 1999); Canabal v. Aramark Corp., 48 F.Supp.2d 94, 96 (D.P.R. 1999); Santiago v. Floyd, 33 F.Supp.2d 99, 102 (D.P.R. 1998).

Accordingly, any and all Title VII claims asserted against codefendant Eddie Cardona are hereby **DISMISSED**.[4]

### Harassment

Defendants further contend that the allegations in the complaint are insufficient to state a colorable claim for hostile work environment.

In disposing of motions to dismiss pursuant to Rule 12(b)(6) Fed. R. Civ. P. the court will accept all factual allegations as true

---

> a legal holiday... in which event the period runs until the end of the next day which is not one of the aforementioned days.

[4] This ruling is independent of any personal liability prescribed by local law.

**CIVIL NO. 06-1535 (RLA)**                                                    **Page 6**

and will make all reasonable inferences in plaintiff's favor. <u>Frazier v. Fairhaven School Com.</u>, 276 F.3d 52, 56 (1st Cir. 2002); <u>Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.</u>, 267 F.3d 30, 33 (1st Cir. 2001); <u>Berezin v. Regency Sav. Bank</u>, 234 F.3d 68, 70 (1st Cir. 2000); <u>Tompkins v. United Healthcare of New England, Inc.</u>, 203 F.3d 90, 92 (1st Cir. 2000).

Our scope of review under this provision is a narrow one. Dismissal will only be granted if after having taken all well-pleaded allegations in the complaint as true, the court finds that plaintiff is not entitled to relief under any theory. <u>Brown v. Hot, Sexy and Safer Prods., Inc.</u>, 68 F.3d 525, 530 (1st Cir. 1995) *cert. denied* 116 S.Ct. 1044 (1996); <u>Vartanian v. Monsanto Co.</u>, 14 F.3d 697, 700 (1st Cir. 1994). Further, our role is to examine the complaint to determine whether plaintiff has adduced sufficient facts to state a cognizable cause of action. <u>Alternative Energy</u>, 267 F.3d at 36. The complaint will be dismissed if the court finds that under the facts as pleaded plaintiff may not prevail on any possible theory. <u>Berezin</u>, 234 F.3d at 70; <u>Tompkins</u>, 203 F.3d at 93.

According to the complaint, codefendant Cardona, plaintiff's supervisor, engaged in a pattern of unwelcome sexual advances consistently rebuked by plaintiff, which resulted in an intolerable work environment and eventually in plaintiff's termination from employment. Plaintiff cites specific sexually-driven events such as codefendant inviting her to a cruise vacation together; making up

**CIVIL NO. 06-1535 (RLA)**                                              **Page 7**

---

excuses for being together outside the office, even in matters unrelated to work; an invitation to go out with him for Mexican food over the week end; and telling a mutual friend that plaintiff was "hot".

We find these allegations sufficient to meet the low Rule 12(b)(1) threshold requirement.[5]

### Supplemental Jurisdiction

The court having denied defendants' request for dismissal of the Title VII claims, our supplemental jurisdiction over the state-based claims asserted in these proceedings remains unaltered.

### Conclusion

Based on the foregoing, the Motion to Dismiss filed by codefendants Eddie Cardona and Blue Bay Professional Services, Inc. (docket No. **8**) is **GRANTED** only insofar as the dismissal of the Title VII claims asserted against Eddie Cardona.[6]

IT IS SO ORDERED.

San Juan, Puerto Rico, this 31st day of March, 2008.

                                                        S/Raymond L. Acosta
                                                        RAYMOND L. ACOSTA
                                United States District Judge

---

[5] It is also important to note that in addition to the hostile environment claim plaintiff also alleges that she was terminated because she declined her supervisor's sexual advances.

[6] See also, Plaintiff's Reply (docket No. **15**) and defendants' Reply (docket No. **18**).